## Commonwealth v. Wolff

*Harold G. Knight, Jr.,* assistant district attorney, for Commonwealth.

*Edward M. Hawes* of *Wright, Mauck & Hawes,* for defendant.

CORSON, J., October 16, 1942.—This case came on to be heard upon a waived hearing. Defendant was charged with violation of section 622 of The Vehicle Code of May 1, 1929, P. L. 905, which provides as follows:

"No person shall *authorize* or *permit* a motor vehicle owned by him, or under his control, to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act." (Italics supplied.)

From the evidence it would appear that the facts of the case are as follows: early on Sunday morning, March 15, 1942, one Joseph Scull was arrested on City

Avenue, the dividing line between Philadelphia and Montgomery Counties. Scull was arrested after a chase of two or three miles through Lower Merion Township ending in the arrest on City Avenue. Because of the circumstances of the case the Lower Merion police suspected that the car had been stolen or taken without the consent of the owner. As a result of a conversation with Scull the police called up defendant who came to Lower Merion Township about two o'clock in the morning, and made a statement to the police. At the time he arrived at the police station defendant was to some extent under the influence of intoxicating liquor. After learning the facts Wolff stated that he had been in charge of the car which belonged to his father and that he had given permission to Scull to use the car. Defendant also stated that he knew Scull had had a learner's permit sometime before but did not know whether or not he had a license. Admittedly, Scull had no driver's license at the time he operated the car. At the hearing before this court defendant admitted having the custody of the car on the morning in question and admitted giving permission to Scull to operate the car in the City of Philadelphia. He contended that he had asked Scull whether or not he had a license to drive and that Scull had replied in the affirmative. The trial judge was not impressed with this testimony, however, and accepts the police officer's statement as to what defendant said on the early morning of March 15th, while he was slightly relaxed from the use of intoxicating liquor and before he probably realized what the law was in the case.

The trial judge finding defendant guilty, a motion in arrest of judgment was filed which is now before us for disposition. Defendant's counsel, in an able brief, raises the sole question of whether or not Montgomery County has jurisdiction to hear the matter because of the fact that admittedly the permission to

operate the car was given by defendant to Scull in the City of Philadelphia and at least three miles from the county line. Defendant also takes the position that he gave Scull a limited permission to operate the car to the Custom House, at Second and Chestnut Streets, in the City of Philadelphia, and not to operate it in Montgomery County. Again, however, the trial judge was not impressed with this testimony because, again in the early morning of March 15, 1942, defendant knew that Scull had been arrested driving the car in Montgomery County, or at least on City Line, at a place several miles from the course Scull would have taken in going from the place where permission was allegedly given to the Custom House and return. At the time defendant made his statement to the police the fair inference to be taken from it is that Scull had defendant's permission to operate the car at the time and place of his arrest. We must find as a fact, therefore, that Scull, at the time of his arrest, was operating the car with defendant's permission and authorization, wherever such permission had been given. Defendant contends that authorizing and permitting is not a continuing offense but that the offense of permitting was complete as soon as he authorized or permitted Scull to operate the car in Philadelphia. With this contention we cannot agree. Let us assume for the moment that defendant had asked Scull to drive the car into Montgomery County on some business of defendant. Certainly in such an event defendant would have to be found guilty of permitting and authorizing Scull to operate the car in Montgomery County. The permission would be a continuing permission and authorization, which would become a crime in Montgomery County as soon as Scull operated the car within the jurisdiction of Montgomery County.

Let us assume for the moment that the Wolff car had been kept at a garage in Montgomery County and defendant had given Scull written or verbal permis-

sion and authority to come over into Montgomery County and operate the car. Certainly defendant would seem to be guilty of the crime in Montgomery County.

Assuming as another illustration that defendant had given Scull permission to operate the car from Philadelphia to Norristown and had come along in the car with him, certainly in such a case Wolff would be guilty in Montgomery County, even though nothing was said between Scull and defendant except in the City of Philadelphia. We feel that the mere presence of defendant's body in the car at the time is not controlling if, in fact, Scull operated the car in Montgomery County under the authorization and permission of defendant. We feel that the evidence supports a finding that at the time Scull operated the car within time authorized and permitted by defendant so to operate it.

We, therefore, enter the following

### Decree

And now, October 16, 1942, defendant's motion in arrest of judgment is dismissed and defendant is directed to appear for sentence in courtroom "B", at 10 a.m., on Friday, October 23, 1942.